**The document below is hereby signed.**

**Dated: July 11, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA

In re                        )
                             )
BHI INTERNATIONAL, INC.,     )   Case No. 12-00039
                             )   (Chapter 11)
            Debtor.          )   Not for publication in
                             )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND
ORDER RE APPLICATION TO EMPLOY JAMES P. WOHL AS SPECIAL COUNSEL

The debtor, as a debtor in possession exercising, pursuant to 11 U.S.C. § 1107(a), the powers of a trustee, seeks to employ James P. Wohl as special counsel to litigate a pending adversary proceeding. The application will be denied.

I

Wohl is a member of the California bar with offices in Los Angeles, California, and is not a member of the bar of the United States District Court for the District of Columbia of which this court is a unit. He has no prior connection to the debtor.

Employment of Wohl would carry with it the necessity of employment of a member of the bar of the United States District Court for the District of Columbia to sign any papers Wohl files in the adversary proceeding. See LBR 2090-1(a) and D. Ct. LCvR

83.2(c)(1).  In turn, by signing any such paper, that local counsel would be certifying under Fed. R. Bankr. P. 9011(a) that the motion is well founded under the standards of that rule, thus presumably resulting in such local counsel not signing the paper without fully examining its legal and factual contentions.

The application seeks authorization of the employment on the terms of the retainer agreement attached to the application. Among other things, the agreement calls for mandatory arbitration in California of fee disputes and claims of malpractice; calls for payment of interest on fees not paid within 30 days of billing; calls for Wohl to be reimbursed for his travel expenses; calls for his travel time to be compensated at his $475 hourly rate; and calls for Wohl to be authorized to endorse checks received by the debtor in the adversary proceeding.  The application proposes to pay Wohl a $10,000 retainer, only a small part of which would come from a principal of the debtor.

II

Two creditors (one of whom is the remaining defendant in the adversary proceeding) have opposed the motion.  The debtor has not reacted to the oppositions by filing a reply, or an amended application.  Four reasons require that the application be denied.

A

The provision for mandatory arbitration of fee disputes and

malpractice claims would impermissibly divest this court of jurisdiction to address fee disputes and malpractice claims when raised as a defense to a fee application, and in some instances would fall afoul of the district court's exclusive jurisdiction under 28 U.S.C. § 1334(e)(2) to address "all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327."  As stated in *Drey v. Cumberland Cas. & Surety Co. (In re 5900 Assocs., Inc.)*, 468 F.3d 326, 328 (6th Cir. 2006), "11 U.S.C. § 330 establishes the exclusive means of allowing a claim for professional fees in a bankruptcy proceeding."  *See also In re Ford*, 446 B.R. 550, 555 n.22 (Bankr. M.D. Fla. 2011).

Absent approval of fees under § 330, the fee claims of a professional employed by a trustee or a debtor in possession are unenforceable.  *In re 5900 Assocs., Inc.*, 468 F.2d at 331.  Accordingly, arbitration of fee disputes would be pointless: without any approval of fees under § 330, there would be no fees to enforce.  The provision for mandatory arbitration of fee disputes must be stricken from the retainer agreement if employment is to be authorized.

Similarly, the provision for mandatory arbitration of malpractice claims must be stricken to the extent applicable to malpractice claims raised as a defense to Wohl's fee claims, and

to the extent applicable to malpractice claims that fall within the district court's exclusive jurisdiction under 28 U.S.C. § 1334(e)(2).

B

This court does not allow interest on administrative claims of professionals employed on behalf of the estate.  If the estate proves to be administratively insolvent (without sufficient funds to pay all allowed administrative claims in full), the estate ought not be charged interest by Wohl for unpaid attorney's fees when other professionals' fees do not bear interest.  The provision in the retainer agreement for payment of interest requires denial of the application.

C

Wohl has no prior connection with the debtor's claims (he was not handling the debtor's claims prepetition), and there are plenty of competent attorneys in the Washington, D.C. metropolitan area who are members of the bar of the district court and who can represent the debtor in the adversary proceeding without the estate incurring:

- the charges Wohl would make for trans-continental travel time billed at $475 per hour,
- the charges Wohl would charge for transportation, lodging and meals when traveling here for hearings, and

- the expense of compensation of a local counsel who must examine and sign papers filed by Wohl on behalf of the debtor in the adversary proceeding.[1]

The debtor's application includes no justification for how, in light of those added costs that the employment of Wohl would entail, its decision to employ Wohl as its special litigation counsel can represent a permissible exercise of business judgment.

D

The retainer agreement calls for Wohl to be authorized to endorse any check payable to the debtor that is received in the adversary proceeding.  All funds of the debtor must pass through its debtor in possession account in order to assure an accurate accounting of the debtor's finances pursuant to monthly operating reports filed during the course of the case.

III

There is another possible obstacle to the debtor's employing Wohl.  The application calls for the larger part of Wohl's $10,000 retainer to be paid by the estate, but does not point to funds that the debtor could use to make that payment that are not

---

[1] Of course, there are instances in which it makes sense to employ an attorney even though he is not a member of the bar of the district court, as the expense of local counsel is not a major expense.  Nevertheless, the expense of local counsel that employing Wohl would entail only adds to the expenses that the estate would incur because of Wohl being located in California and charging for his travel time and expenses.

5

cash collateral of its secured creditor.  It has not obtained authorization via a motion under 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. 4001(b) to use cash collateral for the purpose of paying Wohl.

## IV

In light of the foregoing, it is

ORDERED that the application to employ James P. Wohl as special litigation counsel is denied without prejudice to the debtor's filing an amended application that proposes employment on acceptable terms, and that demonstrates that the employment of Wohl represents a permissible exercise of business judgment.

[Signed and dated above.]

Copies to: Recipients of e-notification.

6